Citation Found Document Rank 1 of 1 Database
25 USCA S 640d-7 USCA
25 U.S.C.A. § 640d-7

Effective: [See Text Amendments]

UNITED STATES CODE ANNOTATED
TITLE 25. INDIANS
CHAPTER 14--MISCELLANEOUS
SUBCHAPTER XXII--NAVAJO AND HOPI TRIBES: SETTLEMENT OF RIGHTS AND INTERESTS
§ 640d-7. Determination of tribal rights and interests in land

(a) Authorization to commence and defend actions in District Court

Either tribe, acting through the chairman of its tribal council for and on behalf of the tribe, is each hereby authorized to commence or defend in the District Court an action against the other tribe and any other tribe of Indians claiming any interest in or to the area described in the Act of June 14, 1934, except the reservation established by the Executive Order of December 16, 1882, for the purpose of determining the rights and interests of the tribes in and to such lands and quieting title thereto in the tribes.

(b) Allocation of land to respective reservations upon determination of interests

Lands, if any, in which the Navajo Tribe or Navajo individuals are determined by the District Court to have the exclusive interest shall continue to be a part of the Navajo Reservation. Lands, if any, in which the Hopi Tribe, including any Hopi village or clan thereof, or Hopi individuals are determined by the District Court to have the exclusive interest shall thereafter be a reservation for the Hopi Tribe. Any lands in which the Navajo and Hopi Tribes or Navajo or Hopi individuals are determined to have a joint or undivided interest shall be partitioned by the District Court on the basis of fairness and equity and the area so partitioned shall be retained in the Navajo Reservation or added to the Hopi Reservation, respectively.

(c) Actions for accounting, fair value of grazing, and claims for damages to land; determination of recovery; defenses

(1) Either as a part of or in a proceeding supplementary to the action authorized in subsection (a) of this section, either tribe, through the chairman of its tribal council for and on behalf of the tribe, including all villages, clans, and individual members thereof, may prosecute or defend an action for the types of relief, including interest, specified in section 640d-17 of this title, including all subsections thereof, against the other tribe, through its tribal chairman in a like representative capacity, and against the United States as to the types of recovery specified in subsection (a)(3) of section 640d-17 of this title and subject to the same provisions as contained in said subsection, such action to apply to the lands in issue in the reservation established by the Act of June 14, 1934 (48 Stat. 960).

(2) In the event the Hopi Tribe or Navajo Tribe is determined to have any interest in the lands in issue, the right of either tribe to recover hereunder shall be based upon that percentage of the total sums collected, use made, waste committed, and other amounts of recovery, which is equal to the percentage of lands in issue in which either tribe is determined to have such interest.

(3) Neither laches nor the statute of limitations shall constitute a defense to such proceedings if they are either prosecuted as a part of the action authorized by this section or in a proceeding supplemental thereto, if instituted not later than twenty-four months following a final order of partition and exhaustion of appeals in an action filed pursuant to this section.

(d) Denial of Congressional interest in merits of conflicting claims; liability of United States

Nothing in this section shall be deemed to be a Congressional determination of the merits of the conflicting claims to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the lands that are subject to adjudication pursuant to this section, or to affect the liability of the United States, if any, under litigation now pending before the Indian Claims Commission.

(e) Payment of legal fees, court costs and other expenses

The Secretary of the Interior is authorized to pay any or all appropriate legal fees, court costs, and other related expenses arising out of, or in connection with, the commencing of, or defending against, any action brought by the Navajo, San Juan Southern Paiute or Hopi Tribe under this section.

(f) Provision of attorney fees for San Juan Southern Paiute Tribe

(1) Any funds made available for the San Juan Southern Paiute Tribe to pay for attorney's fees shall be paid directly to the tribe's attorneys of record until such tribe is acknowledged as an Indian tribe by the United States: *Provided,* That the tribe's eligibility for such payments shall cease once a decision by the Secretary of the Interior declining to acknowledge such tribe becomes final and no longer appealable.

(2) Nothing in this subsection shall be interpreted as a congressional

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.