Citation
43 USCA S 1619
43 U.S.C.A. § 1619
C

Found Document

Rank 1 of 1

Database
USCA

Effective: [See Text Amendments]

UNITED STATES CODE ANNOTATED
TITLE 43. PUBLIC LANDS
CHAPTER 33--ALASKA NATIVE CLAIMS SETTLEMENT
§ 1619. Attorney and consultant fees

(a) Holding moneys in Fund for authorized payments

The Secretary of the Treasury shall hold in the Alaska Native Fund, from the appropriation made pursuant to section 1605 of this title for the second fiscal year, moneys sufficient to make the payments authorized by this section.

(b) Claims; submission

A claim for attorney and consultant fees and out-of-pocket expenses may be submitted to the Chief Commissioner of the United States Court of Claims for services rendered before December 18, 1971, to any Native tribe, band, group, village, or association in connection with:

(1) the preparation of this chapter and previously proposed Federal legislation to settle Native claims based on aboriginal title, and

(2) the actual prosecution pursuant to an authorized contract or a cause of action based upon a claim pending before any Federal or State Court or the Indians Claims Commission that is dismissed pursuant to this chapter.

(c) Final date for filing of claims; form; information

A claim under this section must be filed with the clerk of the Court of Claims within one year from December 18, 1971, and shall be in such form and contain such information as the Chief Commissioner shall prescribe. Claims not so filed shall be forever barred.

(d) Rules for receipt, determination, and settlement of claims

The Chief Commissioner or his delegate is authorized to receive, determine, and settle such claims in accordance with the following rules:

(1) No claim shall be allowed if the claimant has otherwise been reimbursed.

(2) The amount allowed for services shall be based on the nature of the service rendered, the time and labor required, the need for providing the service, whether the service was intended to be a voluntary public service or compensable, the existence of a bona fide attorney-client relationship with an identified client, and the relationship of the service rendered to the enactment of proposed legislation. The amount allowed shall not be controlled by any hourly charge customarily charged by the claimant.

(3) The amount allowed for out-of-pocket expenses shall not include office overhead, and shall be limited to expenses that were necessary, reasonable, unreimbursed and actually incurred.

(4) The amounts allowed for services rendered shall not exceed in the aggregate $2,000,000, of which not more than $100,000 shall be available for the payment of consultants' fees. If the approved claims exceed the aggregate amounts allowable, the Chief Commissioner shall authorize payment of the claims on a pro rata basis.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(5) Upon the filing of a claim, the clerk of the Court of Claims shall forward a copy of such claims to the individuals or entities on whose behalf services were rendered or fees and expenses were allegedly incurred, as shown by the pleadings, to the Attorney General of the United States, to the Attorney General of the State of Alaska, to the Secretary of the Interior, and to any other person who appears to have an interest in the claim, and shall give such persons ninety days within which to file an answer contesting the claim.

(6) The Chief Commissioner may designate a trial commissioner for any claim made under this section and a panel of three commissioners of the court to serve as a reviewing body. One member of the review panel shall be designated as presiding commissioner of the panel.

(7) Proceedings in all claims shall be pursuant to rules and orders prescribed for the purpose by the Chief Commissioner who is hereby authorized and directed to require the application of the pertinent rules of practice of the Court of Claims insofar as feasible. Claimants may appear before a trial commissioner in person or by attorney, and may produce evidence and examine witnesses. In the discretion of the Chief Commissioner or his designate, hearings may be held in the localities where the claimants reside if convenience so demands.

(8) Each trial commissioner and each review panel shall have authority to do and perform any acts which may be necessary or proper for the efficient performance of their duties, and shall have the power of subpena, the power to order audit of books and records, and the power to administer oaths and affirmations. Any sanction authorized by the rules of practice of the Court of Claims, except contempt, may be imposed on any claimant, witness, or attorney by the trial commissioner, review panel, or Chief Commissioner. None of the rules, regulations, rulings, findings, or conclusions authorized by this section shall be subject to judicial review.

(9) The findings and conclusions of the trial commissioner shall be submitted by him, together with the record in the case, to the review panel of commissioners for review by it pursuant to such rules as may be provided for the purpose, which shall include provision for submitting the decision of the trial commissioner to the claimant and any party contesting the claim for consideration, exception, and argument before the panel. The panel, by majority vote, shall adopt or modify the findings or the conclusions of the trial commissioner.

(10) The Court of Claims is hereby authorized and directed, under such conditions as it may prescribe, to provide the facilities and services of the office of the clerk of the court for the filing, processing, hearing, and dispatch of claims made pursuant to this section and to include within its annual appropriations the costs thereof and other costs of administration, including (but without limitation to the items herein listed) the salaries and traveling expenses of its auditors and the commissioners serving as trial commissioners and panel members, mailing and service of process, necessary physical facilities, equipment, and supplies, and personnel (including secretaries, reporters, auditors, and law clerks).

(e) Report to Congress; payment of claims; interest restriction

The Chief Commissioner shall certify to the Secretary of the Treasury, and report to the Congress, the amount of each claim allowed and the name and address of the claimant. The Secretary of the Treasury shall pay to such person from the Alaska Native Fund the amounts certified. No award under this section shall bear interest.

(f) Contract restriction; penalty

(1) No remuneration on account of any services or expenses for which a claim is made or could be made pursuant to this section shall be received by any person for such services and expenses in addition to the amount paid in accordance with this section, and any contract or agreement to the contrary shall be void.

(2) Any person who receives, and any corporation or association official who pays, on account of such services and expenses, any remuneration in addition to the amount allowed in accordance with this section shall be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than twelve months, or both.

(g) Claims for costs in performance of certain services: submission, form, information, reasonableness, pro rata

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

reductions; report to Congress; payment of claims; interest restriction

A claim for actual costs incurred in filing protests, preserving land claims, advancing land claims settlement legislation, and presenting testimony to the Congress on proposed Native land claims may be submitted to the Chief Commissioner of the Court of Claims by any bona fide association of Natives. The claim must be submitted within six months from December 18, 1971, and shall be in such form and contain such information as the Chief Commissioner shall prescribe. The Chief Commissioner shall allow such amounts as he determines are reasonable, but he shall allow no amount for attorney and consultant fees and expenses which shall be compensable solely under subsection (b) through (e) of this section. If approved claims under this subsection aggregate more than $600,000, each claim shall be reduced on a pro rata basis. The Chief Commissioner shall certify to the Secretary of the Treasury, and report to the Congress, the amount of each claim allowed and the name and address of the claimant. The Secretary of the Treasury shall pay to such claimant from the Alaska Native Fund the amount certified. No award under this subsection shall bear interest.

CREDIT(S)

(Pub.L. 92-203, § 20, Dec. 18, 1971, 85 Stat. 710.)

<General Materials (GM) - References, Annotations, or Tables>

HISTORICAL AND STATUTORY NOTES

Revision Notes and Legislative Reports

1971 Acts. House Report No. 92-523 and House Conference Report No. 92- 746, see 1971 U.S. Code Cong. and Adm. News, p. 2192.

References in Text

The United States Court of Claims, referred to in subsecs. (b), (c), (d)(5), (7), (8), (10), and (g), and the United States Court of Customs and Patent Appeals were merged effective Oct. 1, 1982, into a new United States Court of Appeals for the Federal Circuit by Pub.L. 97-164, Apr. 2, 1982, 96 Stat. 25, which also created a United States Claims Court that inherited the trial jurisdiction of the Court of Claims. See sections 48, 171 et seq., 791 et seq., and 1491 et seq. of Title 28, Judiciary and Judicial Procedure.

Change of Name

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.