**§ 88.2 Employment by tribes or individual claimants.**

All such attorneys or agents seeking approval of their employment by Indian tribes or desiring to represent individual claimants before the Indian Bureau shall be required to comply fully with the regulations of the Department promulgated September 27, 1917, governing admission to practice, and to take the oath of allegiance and to support the Constitution of the United States, as required by section 3478 of the United States Revised Statutes (31 U.S.C. 204).

[22 FR 10538, Dec. 24, 1957. Redesignated at 47 FR 13327, Mar. 30, 1982]

## PART 89—ATTORNEY CONTRACTS WITH INDIAN TRIBES

TRIBES ORGANIZED UNDER THE INDIAN REORGANIZATION ACT

Sec.
89.1–89.26 [Reserved]

FIVE CIVILIZED TRIBES

89.30 Contents and approval of contracts.
89.31 Negotiation of contract.
89.32 Notice from the principal officer.
89.33 Notice from attorney.
89.34 Tentative form of contract.
89.35 Execution in quintuplet.

PAYMENT OF TRIBAL ATTORNEY FEES WITH APPROPRIATED FUNDS

89.40 General policy.
89.41 Exceptions to policy.
89.42 Factors to be considered.
89.43 Procedures.

AUTHORITY: 5 U.S.C. 301; secs. 89.30 to 89.35 also issued under 25 U.S.C. 2, 9, and 82a; secs. 89.40 to 89.43 also issued under 25 U.S.C. 13, 450 *et seq.*

CROSS REFERENCE: For recognition of attorneys and agents to represent claimants, see part 88 of this subchapter.

### TRIBES ORGANIZED UNDER THE INDIAN REORGANIZATION ACT

**§ 89.1–89.26 [Reserved]**

### FIVE CIVILIZED TRIBES

**§ 89.30 Contents and approval of contracts.**

All contracts for the services of legal counsel or technical specialists negotiated and executed with the Choctaw, Chickasaw, Cherokee, Creek, or Seminole Tribes or Nations, also known as the Five Civilized Tribes, shall be in strict compliance with the requirements of section 2103 of the Revised Statutes of the United States (25 U.S.C. 81).

[37 FR 10440, May 23, 1972. Redesignated at 47 FR 13327, Mar. 30, 1982]

**§ 89.31 Negotiation of contract.**

That person or governing entity recognized as having authority to act for and in behalf of any one of the Five Civilized Tribes in matters of importance may, when it is found there is a substantial need and demand therefor, negotiate and contract for services of a tribal counsel or counsels and technical specialist or specialists, subject to the approval of the Secretary of the Interior or his authorized representative.

[37 FR 10440, May 23, 1972. Redesignated at 47 FR 13327, Mar. 30, 1982]

**§ 89.32 Notice from the principal officer.**

Notice of intention to negotiate with attorneys or with technical specialists shall be sent by the principal tribal officer to the Superintendent. Such notice shall be accompanied by a full statement concerning the need for retaining counsel or specialists, as the case may be, the purpose for which such assistance is needed and the scope of the intended employment. The notice and statement shall be transmitted to the Area Director by the Superintendent together with the latter's report and recommendations with respect to the approval of such contract.

[37 FR 10440, May 23, 1972. Redesignated at 47 FR 13327, Mar. 30, 1982]

**§ 89.33 Notice from attorney.**

Attorneys desiring to execute contracts with any one of the Five Civilized Tribes shall be required to give written notice to the Area Director through the Superintendent having jurisdiction over said tribe.

[37 FR 10440, May 23, 1972. Redesignated at 47 FR 13327, Mar. 30, 1982]

**§89.34 Tentative form of contract.**

The principal officer of any one of the Choctaw, Cherokee, Creek, Seminole, and Chickasaw Tribes may, if he desires, obtain a tentative form of contract by written application to the office of the appropriate Agency Superintendent. Requests for forms for an attorney contract should include a statement reciting whether the attorney is desired as a general legal counsel in connection with the business of the tribe or as counsel in respect to specific problems on which legal counsel is desired, or specific matters requiring representation in court or before committees of Congress and the Departments of Government. Requests for forms for technical service contracts should include a statement of the particular type of service required and the purpose for which it is needed. The anticipated term of each proposed contract should be stated.

[37 FR 10440, May 23, 1972. Redesignated at 47 FR 13327, Mar. 30, 1982]

**§89.35 Execution in quintuplet.**

The contract should be executed in quintuplet, and all copies of it shall be transmitted by the Superintendent to the Area Director.

[37 FR 10440, May 23, 1972. Redesignated at 47 FR 13327, Mar. 30, 1982]

PAYMENT OF TRIBAL ATTORNEY FEES WITH APPROPRIATED FUNDS

SOURCE: 48 FR 3969, Jan. 28, 1983, unless otherwise noted.

**§89.40 General policy.**

In ordinary circumstances, legal services with respect to trust resources are provided for Indian tribe(s):

(a) By private counsel employed by tribes when such tribe is financially able and elects to do so, or

(b) By the United States as trustee through the Office of the Solicitor and/or the Department of Justice.

It is the policy of the Department of the Interior not to use federally appropriated funds to pay for private counsel to represent Indian tribes. Exceptions to that policy are listed in §89.41 of this part.

**§89.41 Exceptions to policy.**

The Assistant Secretary—Indian Affairs upon concurrence of the Solicitor and receipt of a recommendation as provided by §89.43 may, in his/her discretion, authorize the direct or indirect expenditure of appropriated funds to pay reasonable attorney's fees in order to permit an Indian tribe to secure private legal representation in the following circumstances:

(a) When a tribe determines it necessary to bring a court action or to defend itself to protect its trust resources, rights claimed under a treaty, agreement, executive order, or statute, or its governmental powers and the Attorney General refuses assistance or advises that assistance is not otherwise available (Comptroller General's Opinion B-114868, December 6, 1976).

(b) When a tribe determines it necessary to institute or to defend itself in an administrative proceeding to protect its trust resources, rights claimed under a treaty, agreement, executive order, or statute, or to protect its governmental powers and the Solicitor is unable to provide representation due to a conflict of interest or other reasons.

(c) When a tribe determines legal assistance necessary, other than for litigation, pursuant to a contract executed under Pub. L. 93-638 and the Solicitor has determined that the services of his office are not available.

(d) When a tribe determines it critical, and the Assistant Secretary—Indian Affairs finds the concerns of the tribe to have merit after consultation with and the advice of the Solicitor, to intervene, in a lawsuit being handled by the Justice Department or in an administrative proceeding being handled by the Solicitor because the responsible Government Attorney refuses either to exclude or to include some facet of the suit or proceedings which the tribe claims renders such legal representation completely inadequate to protect or in contravention of the rights and interests of the tribe. Prior to consulting with and advising the Assistant Secretary—Indian Affairs, in a lawsuit being handled by the Justice Department, the Solicitor shall seek the comments and advice of the Attorney General.

(e) When a tribe determines, and the Assistant Secretary—Indian Affairs, after consultation with the Solicitor concurs, that a substantial possibility of a negotiated settlement or agreement exists.

(f) Payment of fees will not be allowed if such payment was not authorized before services were performed.

(g) This rule applies to expenditure of appropriated Federal funds and not a tribe's own funds on deposit in the U.S. Treasury.

**§ 89.42 Factors to be considered.**

The following factors are to be considered in determining whether funds should be paid to provide private legal representation for a tribe.

(a) The merits of the legal position which the tribe asserts. Greater weight will be given to those cases where the tribe's legal argument is deemed particularly meritorious than to those cases where the tribe's position, although not entirely without merit, may be relatively weak;

(b) The ability of the tribe to pay all or a part of its legal expenses out of its own funds. A review of the tribe's financial resources under this subsection will include an examination of the tribe's total expenditures to determine whether its expenditures for other purposes comport with the asserted importance of the case for which it seeks funds;

(c) Whether the question the tribe seeks to litigate is being litigated in another case by another tribe;

(d) Whether, as a matter of strategy, the issues the tribe seeks to litigate could be more satisfactorily resolved in another forum, in a different factual context, or a different time; and

(e) Whether the issue should be litigated at all in preference to a legislative or other solution.

**§ 89.43 Procedures.**

The information collection requirements contained in this section do not require approval by the Office of Management and Budget under 44 U.S.C. 3051 *et seq.*, because it is anticipated there will be fewer than 10 respondents annually.

(a) A tribe or other organization seeking funds under § 89.41 shall submit a written request through the Agency Superintendent and the Area Director, including

(1) A detailed statement describing the nature and scope of the problems for which legal services are sought;

(2) A statement of the terms, including total anticipated costs, of the requested legal services contract;

(3) A current financial statement and a statement that the tribe does not possess sufficient tribal funds or assets to pay for all or a part of the legal services sought; and

(4) A statement of why the matter must be handled by a private attorney as opposed to Department of Justice or Department of Interior attorneys.

All requests shall be considered by a committee consisting of the Deputy Assistant Secretary—Indian Affairs (Policy), or his delegate, the Director of the Office of Trust Responsibilities in BIA or his delegate, and the Associate Solicitor—Indian Affairs or his delegate.

(b) If two of the three committee members recommend approval of a tribe's request, the request, along with the committee's recommendation, shall be submitted to the Assistant Secretary for final determination after consultation with and the advice of the Solicitor. The committee's recommendation shall indicate the amount of funds recommended to assist the tribe, the hourly rate allowed, the maximum amount permitted to be expended in the recommended action and the tribal contributions, if any. The Assistant Secretary shall approve the request only with the concurrence of the Solicitor.

(c) The requirements imposed by this policy are supplementary to those contained in all existing regulations dealing with attorney contracts with Indian tribes and, in particular, those contained in parts 88 and 89 of this title.

## PART 90—ELECTION OF OFFICERS OF THE OSAGE TRIBE

GENERAL

Sec.

90.1 Definitions.
90.2 Statutory provisions.