IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE CHEROKEE NATION OF OKLAHOMA, Plaintiff, v. THE UNITED STATES OF AMERICA, Defendant. | * | Case No. 89-218L<br>Chief Judge Edward H. Damich |
| * * * * * * | * | * * * * * |
| PATTON BOGGS LLP, Intervenor-Plaintiff, v. THE UNITED STATES OF AMERICA, Defendant. | * | |
| * * * * * * | * | * * * * * |

**MOTION FOR LEAVE TO FILE**
**MOTION FOR SUMMARY JUDGMENT EARLY**

Pursuant to R.C.F.C. 7(b)(1), Patton Boggs LLP ("PB"), through counsel, hereby seeks leave of this Court to file a motion for summary judgment on or after February 1, 2006, sooner than provided for under the R.C.F.C. Rule 56. In support of its motion, PB states as follows:

1. Under R.C.F.C. 56, a claimant may file a motion for summary judgment after the government has filed such a motion or 60 days after "commencement of the action." PB's Complaint in Intervention was filed on January 11, 2006, thus permitting PB to file a motion for summary judgment on or after March 13, 2006.[1] The policy

---

[1] "Commencement of the action" is determined by the filing of a complaint. R.C.F.C. 3. Courtesy copies of the complaint were e-mailed to all counsel on the filing date.

supporting the delay built into this Court's Rule 56, modeled on the Federal Rule of Civil Procedure, is to allow the government to "determine a course of action." Fed. R. Civ. P. Rule 56 Advisory Cte. Notes, Note to Subdivision (a). Through the course of five submissions and two hearings, the parties have actively litigated the claims made in PB's Complaint in Intervention.[2] Thus, the government obviously has had sufficient time to determine its course of action, and PB should be allowed to file for summary judgment without the normal delay provided in Rule 56.

2. The Court has noted that it may be in the government's interest to file a "motion of some sort," Dec. 13, 2005 H'rg. Tr. 80, but it is not clear that the government necessarily plans to file a Rule 56 motion. Consequently, PB could be forced to wait two months before filing a motion for summary judgment, even though both parties have presented their theories of the case, and this Court has clearly stated that there appear to be no facts in dispute. *Id.* A plaintiff, such as PB, may move for summary judgment without completing discovery where "the controlling facts had been developed fully, [and, therefore,] any issues created by further discovery would not defeat the summary judgment." *Simmons v. Amerada Hess Corp.*, 619 F.2d 440, 441 (5th Cir. 1980) (finding that plaintiff's motion for summary judgment was not premature though filed prior to the completion of discovery); *see Chicago Florsheim Shoe Store Co. v. Cluett, Peabody & Co., Inc.*, 826 F.2d 725, 727 (7th Cir. 1987). Thus, even though this action in intervention has just "commenced," the matter is ripe for summary adjudication. By granting this motion, the Court would reduce the time needed to litigate the issues raised

---

[2] As stated in the Opinion and Order, PB filed a Motion to Intervene on October 19, 2005. The Court held a hearing on the motion the following day and ordered PB to file a supplemental brief, which it did on November 8, 2005. Both Defendant and Plaintiff filed Responses and PB filed a Reply. The Court held a second hearing to decide the matter on December 13, 2005.

by PB's Complaint in Intervention consistent with the Court's efforts to "try to dispose of this case as quickly as possible." *Id.* at 81.

3. Even if PB files its motion for summary judgment on February 1, 2006, the government will have until March 6, 2006, to respond. *See* RCFC 7.2(c), RCFC 6(e) (granting the government 28 days, plus three days for electronic service, in which to respond to PB's Rule 56 motion). That places the date for the government's response to PB's motion for summary judgment two weeks *after* the time within which the Court has ordered the government to respond to PB's Complaint. Thus, grant of this motion would neither hinder the government's ability to respond to PB's complaint with a dispositive motion nor deny it adequate time to respond to PB's motion for summary judgment.

4. Based on the principles of summary judgment and the Court's interest of judicial economy, PB requests that this Court allow it to file a motion for summary judgment on or after February 1, 2006. *See* Dec. 13, 2005 H'rg. Tr. 80 (expressing the Court's wish to "get this case disposed of very quickly").

WHEREFORE, PB respectfully requests that this Court grant its Motion for Leave to File for Summary Judgment Early and allow it to file a motion for summary judgment on or after February 1, 2006.

Respectfully submitted this 12th day of January, 2006,

PATTON BOGGS, LLP

David P. Callet (DC Bar No. 181990)
David S. Panzer (DC Bar No. 470677)
GREENBERG TRAURIG LLP
800 Connecticut Ave, NW,
Suite 500
Washington, DC 20006
202-331-3100
202-331-3101 (fax)
calletd@gtlaw.com
panzerd@gtlaw.com