C

**Effective: December 13, 2002**

UNITED STATES CODE ANNOTATED
TITLE 25. INDIANS
**CHAPTER 19--INDIAN LAND CLAIMS SETTLEMENTS**
SUBCHAPTER XIII--CHEROKEE, CHOCTAW, AND CHICKASAW NATIONS CLAIMS SETTLEMENT

**§ 1779f. Release of other tribal claims and filing of claims**

(a) Extinguishment of other tribal claims

(1) In general

As of the date of enactment of this subchapter--

**(A)** all right, title, and interest of any Indian nation or tribe other than any Indian Nation defined in section 1779b of this title (referred to in this section and section 1779g of this title as a "claimant tribe") in or to the Disclaimed Drybed Lands, and any such right, title, or interest held by the United States on behalf of such a claimant tribe, shall be considered to be extinguished in accordance with section 177 of Title 25;

**(B)** if any party other than a claimant tribe holds transferred interests in or to the Disclaimed Drybed Lands in violation of section 177 of Title 25, Congress approves and ratifies those transfers of interests to the extent that the transfers are in accordance with other applicable law; and

**(C)** the documents described in section 1779c(b)(1)(D) of this title shall serve to identify the geographic scope of the interests extinguished by subparagraph (A).

(2) Quiet title actions

(A) In general

Notwithstanding any other provision of law, after the date of enactment of this subchapter, neither the United States (or any department or agency of the United States) nor any Indian Nation shall be included as a party to any civil action brought by any private person or private entity to quiet title to, or determine ownership of an interest in or to, the Disclaimed Drybed Lands.

(B) Future actions

As of the date of enactment of this subchapter, the United States shall have no obligation to bring any civil action to quiet title to, or to recover any land or funds relating to, the Drybed Lands (including any lands that are Wetbed Lands as of the date of enactment of this subchapter but that are located at any time after that date above the mean high water mark of the Arkansas River).

(C) No breach of trust

The failure or declination by the United States to initiate any civil action to quiet title to or manage any Drybed Lands under this paragraph shall not--

**(i)** constitute a breach of trust by the United States; or

**(ii)** be compensable to a claimant tribe in any manner.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(b) Claims of other Indian tribes

(1) Limited period for filing claims

(A) In general

Not later than 180 days after the date of enactment of this subchapter, any claimant tribe that claims that any title, interest, or entitlement held by the claimant tribe has been extinguished by operation of section 1779c(a) of this title or subsection (a) of this section may file a claim against the United States relating to the extinguishment in the United States Court of Federal Claims.

(B) Failure to file

After the date described in subparagraph (A), a claimant tribe described in that subparagraph shall be barred from filing any claim described in that subparagraph.

(2) Special holding account

(A) Establishment

There is established in the Treasury, in addition to the accounts established by section 1779d(a) of this title, an interest-bearing special holding account for the benefit of the Indian Nations.

(B) Deposits

Notwithstanding any other provision of this subchapter or any other law, of any funds that would otherwise be deposited in a tribal trust account established by section 1779d(a) of this title, 10 percent shall--

**(i)** be deposited in the special holding account established by subparagraph (A); and

**(ii)** be held in that account for distribution under paragraph (3).

(3) Distribution of funds

(A) In general

Funds deposited in the special holding account established by paragraph (2)(A) shall be distributed in accordance with subparagraphs (B) through (D).

(B) Claim filed

If a claim under paragraph (1)(A) is filed by the deadline specified in that paragraph, on final adjudication of that claim--

**(i)** if the final judgment awards to a claimant an amount that does not exceed the amount of funds in the special holding account under paragraph (2) attributable to the Indian Nation from the allocation of which under section 1779c(d) of this title the funds in the special holding account are derived--

**(I)** that amount shall be distributed from the special holding account to the claimant tribe that filed the claim; and

**(II)** any remaining amount in the special holding account attributable to the claim shall be transferred to the appropriate tribal trust account for the Indian Nation established by section 1779d(a) of this title; and

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**(ii)** if the final judgment awards to a claimant an amount that exceeds the amount of funds in the special holding account attributable to the Indian Nation from the allocation of which under section 1779c(d) of this title the funds in the special holding account are derived--

**(I)** the balance of funds in the special holding account attributable to the Indian Nation shall be distributed to the claimant tribe that filed the claim; and

**(II)** payment of the remainder of the judgment amount awarded to the claimant tribe shall be made from the permanent judgment appropriation established pursuant to section 1304 of Title 31.

(C) No claims filed

If no claims under paragraph (1)(A) are filed by the deadline specified in that paragraph--

**(i)** any funds held in the special holding account under paragraph (2) and attributed to that Indian Nation shall be deposited in the appropriate tribal trust account established by section 1779d(a); and

**(ii)** after the date that is 180 days after the date of enactment of this subchapter, paragraph (2)(B) shall not apply to appropriations attributed to that Indian Nation.

(c) Declaration with respect to scope of rights, title, and interests

Congress declares that--

**(1)** subsection (b) of this section is intended only to establish a process by which alleged claims may be resolved; and

**(2)** nothing in this section acknowledges, enhances, or establishes any prior right, title, or interest of any claimant tribe in or to the Arkansas Riverbed.

CREDIT(S)

(Pub.L. 107-331, Title VI, § 608, Dec. 13, 2002, 116 Stat. 2852.)

HISTORICAL AND STATUTORY NOTES

Revision Notes and Legislative Reports

2002 Acts. Senate Report No. 107-249, see 2002 U.S. Code Cong. and Adm. News, p. 1817.

References in Text

This subchapter, referred to in text, originally read "this title", meaning Title VI of the Indian Financing Amendments Act of 2002, Pub.L. 107-331, Title VI, § 601 et seq., Dec. 12, 2002, 116 Stat. 2845, known as the Cherokee, Choctaw, and Chickasaw Nations Claims Settlement Act, which enacted this subchapter.

The date of enactment of this subchapter, referred to in text, originally read "the date of enactment of this title" which probably means Dec. 13, 2002, the approval date of the Cherokee, Choctaw, and Chickasaw Nations Claims Settlement Act, Pub.L. 107-331, Title VI, § 601 et seq., Dec. 13, 2002, 116 Stat. 2845, which enacted this subchapter.

180 days after the date of enactment of this subchapter, referred to in text, originally read "180 days after the date of enactment of this title", which probably means 180 days after Dec. 13, 2002, the approval date of the Cherokee, Choctaw, and Chickasaw Nations Claims Settlement Act, Pub.L. 107-331, Title VI, § 601 et seq., Dec. 13, 2002, 116 Stat. 2845, which enacted this subchapter.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Section 1779d(a) of this title, referred to in subsec. (b)(3)(C)(i), was in the original "section 6(a)" and was translated as reading "section 606(a)", meaning section 606(a) of Pub.L. 107-331, to reflect the probable intent of Congress, because Pub.L. 107-133 does not contain a section 6, and section 1779d(a) establishes three tribal trust fund accounts.

25 U.S.C.A. § 1779f, 25 USCA § 1779f

Current through P.L. 109-90 approved 10-18-05

Copr. © 2005 Thomson/West. No. Claim to Orig. U.S. Govt. Works

END OF DOCUMENT