C

**Effective: March 14, 2000**

United States Code Annotated Currentness
Title 25. Indians
Chapter 3. Agreements with Indians
Subchapter II. Contracts with Indians

**→§ 81. Contracts and agreements with Indian tribes**

(a) Definitions

In this section:

**(1)** The term "Indian lands" means lands the title to which is held by the United States in trust for an Indian tribe or lands the title to which is held by an Indian tribe subject to a restriction by the United States against alienation.

**(2)** The term "Indian tribe" has the meaning given that term in section 450b(e) of this title.

**(3)** The term "Secretary" means the Secretary of the Interior.

(b) Approval

No agreement or contract with an Indian tribe that encumbers Indian lands for a period of 7 or more years shall be valid unless that agreement or contract bears the approval of the Secretary of the Interior or a designee of the Secretary.

(c) Exception

Subsection (b) of this section shall not apply to any agreement or contract that the Secretary (or a designee of the Secretary) determines is not covered under that subsection.

(d) Unapproved agreements

The Secretary (or a designee of the Secretary) shall refuse to approve an agreement or contract that is covered under subsection (b) of this section if the Secretary (or a designee of the Secretary) determines that the agreement or contract--

**(1)** violates Federal law; or

**(2)** does not include a provision that--

**(A)** provides for remedies in the case of a breach of the agreement or contract;

**(B)** references a tribal code, ordinance, or ruling of a court of competent jurisdiction that discloses the right of the Indian tribe to assert sovereign immunity as a defense in an action brought against the Indian tribe; or

**(C)** includes an express waiver of the right of the Indian tribe to assert sovereign immunity as a defense in an action brought against the Indian tribe (including a waiver that limits the nature of relief that may be provided or the jurisdiction of a court with respect to such an action).

(e) Regulations

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not later than 180 days after March 14, 2000, the Secretary shall issue regulations for identifying types of agreements or contracts that are not covered under subsection (b) of this section.

(f) Construction

Nothing in this section shall be construed to--

**(1)** require the Secretary to approve a contract for legal services by an attorney;

**(2)** amend or repeal the authority of the National Indian Gaming Commission under the Indian Gaming Regulatory Act (25 U.S.C. 2701 et seq.); or

**(3)** alter or amend any ordinance, resolution, or charter of an Indian tribe that requires approval by the Secretary of any action by that Indian tribe.

CREDIT(S)

(R.S. § 2103; Pub.L. 85-770, Aug. 27, 1958, 72 Stat. 927; Pub.L. 106- 179, § 2, Mar. 14, 2000, 114 Stat. 46.)

HISTORICAL AND STATUTORY NOTES

Revision Notes and Legislative Reports

1958 Acts. House Report No. 2449, see 1958 U.S. Code Cong. and Adm. News, p. 3961.

2000 Acts. House Report No. 106-501, see 2000 U.S. Code Cong. and Adm. News, p. 69.

Codifications

R.S. § 2103 was from Acts Mar. 3, 1871, c. 120, § 3, 16 Stat. 570; May 21, 1872, c. 177, § § 1, 2, 17 Stat. 136.

Amendments

2000 Amendments. Pub.L. 106-179, § 2, rewrote the section, which read:

"No agreement shall be made by any person with any tribe of Indians, or individual Indians not citizens of the United States, for the payment or delivery of any money or other thing of value, in present or in prospective, or for the granting or procuring any privilege to him, or any other person in consideration of services for said Indians relative to their lands, or to any claims growing out of, or in reference to, annuities, installments, or other moneys, claims, demands, or thing, under laws or treaties with the United States, or official acts of any officers thereof, or in any way connected with or due from the United States, unless such contract or agreement be executed and approved as follows:

"**First.** Such agreement shall be in writing, and a duplicate of it delivered to each party.

"**Second.** It shall bear the approval of the Secretary of the Interior and the Commissioner of Indian Affairs indorsed upon it.

"**Third.** It shall contain the names of all parties in interest, their residence and occupation; and if made with a tribe, by their tribal authorities, the scope of authority and the reason for exercising that authority, shall be given specifically.

"**Fourth.** It shall state the time when and place where made, the particular purpose for which made, the special thing or things to be done under it, and, if for the collection of money, the basis of the claim, the source from which it is to be collected, the disposition to be made of it when collected, the amount or rate per centum of the fee in all cases;

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

and if any contingent matter or condition constitutes a part of the contract or agreement, it shall be specifically set forth.

"**Fifth.** It shall have a fixed limited time to run, which shall be distinctly stated.

"All contracts or agreements made in violation of this section shall be null and void, and all money or other thing of value paid to any person by any Indian or tribe, or any one else, for or on his or their behalf, on account of such services, in excess of the amount approved by the Commissioner and Secretary for such services, may be recovered by suit in the name of the United States in any court of the United States, regardless of the amount in controversy; and one-half thereof shall be paid to the person suing for the same, and the other half shall be paid into the Treasury for the use of the Indian or tribe by or for whom it was so paid."

1958 Amendments. Par. Second. Pub.L. 85-770 deleted requirement that contracts with Indian tribes be executed before a judge of a court of record.

Par. Sixth. Pub.L. 85-770 deleted par. Sixth enumerating contractual elements to be certified to by the judge.

Transfer of Functions

For transfer of functions of other officers, employees, and agencies of the Department of the Interior, with certain exceptions, to the Secretary of the Interior, with power to delegate, see Reorg.Plan No. 3 of 1950, § § 1, 2, eff. May 24, 1950, 15 F.R. 3174, 64 Stat. 1262, set out in the Appendix to Title 5, Government Organization and Employees.

CROSS REFERENCES

Forfeiture of money received contrary to this section and punishment by fine or imprisonment, see 18 USCA § 438.

Necessity of previous consent of United States to validate contracts regarding tribal funds or property in hands of United States, see 25 USCA § 85.

Tribal self-governance funding agreements and civil actions, see 25 USCA § 458cc.

CODE OF FEDERAL REGULATIONS

Attorney contracts with Indian tribes not organized under Indian Reorganization Act, see 25 CFR § § 89.7 to 89.26.

LAW REVIEW COMMENTARIES

Cooperative agreements: Government-to-government relations to foster reservation business development. Joel H. Mack and Gwyn Goodson Timms, 20 Pepp.L.Rev. 1295 (1993).

Doing business with Indians and the three "S"es: Secretarial approval, sovereign immunity, and subject matter jurisdiction. William V. Vetter, 36 Ariz.L.Rev. 169 (1994).

Your place or mine? Commercial transactions between Indian tribes and non-Indians in Oklahoma--New rules for tribal sovereign immunity. Mike McBride III, 67 Okla.B.J. 3183 (1996).

LIBRARY REFERENCES

Corpus Juris Secundum

CJS Indians § 31, Contracts.

CJS Indians § 38, General Considerations.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.