TAHLEQUAH AGENCY

ATTORNEY'S CONTRACT

THIS AGREEMENT, made and entered into this 23rd day of September, 1988, by and between Wilma P. Mankiller, Principal Chief of the Cherokee Nation of Oklahoma, acting for and on behalf of said Cherokee Nation ("Party of the First Part"), and James G. Wilcoxen of Muskogee, Oklahoma, and Paul M. Niebell, Washington, D.C. ("Parties of the Second Part").

WITNESSETH: That the Party of the First Part, on behalf of the said Cherokee Nation of Oklahoma, under authority of a Resolution of the Council of said Cherokee Nation, adopted at Tahlequah, Oklahoma on the 13th day of August, 1988, a copy of which is hereto attached and made a part hereof, hereby contracts with, retains and employs the Parties of the Second Part as attorneys in matters hereinafter mentioned, subject to the approval of the Commissioner of Indian Affairs and to the future retention of Patton, Boggs and Blow, Washington, D.C. as co-counsel in matters hereinafter mentioned.

It shall be the duty of said attorneys to advise and to represent the said Cherokee Nation in connection with properly prosecuting to final conclusion any and all claims which said Cherokee Nation may have against the United States, which it may be authorized to present by Act of Congress in the United States courts, or any other court or tribunal.

Said attorneys shall advise the said Cherokee Nation in any matters relating to said claims, and to represent it or them before the United States Court of Appeals for the Tenth Circuit and the Supreme Court of the United States, and before any other courts or tribunals, or any officers having any duty to perform in connection with the investigation, consideration or final settlement relative to any or all suits so authorized to be filed and prosecuted for and on behalf of said Cherokee Nation,

Said attorneys, in the performance of the duties required of them under this Contract, shall be subject to the supervision and direction of the Commissioner of Indian Affairs, and the said Cherokee Nation, and shall not make any compromise, settlement or other adjustment of the matters in controversy unless with the approval of the Commissioner of Indian Affairs and the Principal Chief of the said Cherokee Nation.

It is agreed that the said attorneys, subject to the approval of the Commissioner of Indian Affairs, may associate with them in said work hereunder other attorneys of their own choice and selection; provided, that neither the United States nor the Cherokee Nation of Oklahoma, Party of the First Part, is to be at any expense by reason of the employment of any such associate attorneys, all expenses thereof to be paid by the Parties of the Second Part, out of any compensation which they may receive for services to be rendered hereunder.

It is agreed that the compensation of the Parties of the Second Part, for the services rendered under the terms of this Contract, is to be wholly contingent upon a recovery for said Cherokee Nation. The Parties of the Second Part shall receive such compensation as the Commissioner of Indian Affairs may find equitably to be due as may be determined by a court or tribunal, for services theretofore rendered under this Contract, but in no event shall the aggregate fee exceed ten percent (10%) of any and all sums recovered or procured through the efforts of the said attorneys, in whole or in part for the said Cherokee Nation.

The attorneys, Parties of the Second Part, shall also be allowed and disbursed from the amount of any judgment received such actual expenses incurred by them, except such amounts as may be authorized by resolution of the Council

of said Cherokee Nation, approved by the Commissioner [illegible] be expended out of tribal funds to reimburse said [illegible] expenses during the progress of the litigation.

It is agreed that the effective date of this Contract shall be from August 11, 1988, the date of expiration of the prior Attorneys' Contract in order to cover the services of the Parties of the Second Part in prosecuting any and all claims herein mentioned, and that the terms of this Contract shall continue for a period of two (2) years from said effective date or to August 11, 1990, and that this Contract may be extended for periods of five (5) years, each from the date of its expiration, at the option and written request of said Parties of the Second Part, with the approval of the Principal Chief of the Cherokee Nation of Oklahoma and the Commissioner of Indian Affairs.

It is agreed also that no assignment of the obligations of this Contract, in whole or in part, shall be made without the consent of the Commissioner of Indian Affairs.

It is further agreed that no assignment or encumbrance of any interest of said attorneys in the compensation agreed to be paid by this Contract shall be made without the approval of the Commissioner of Indian Affairs. Any assignment of the obligations of this Contract, and/or any assignmnet or encumbrance of any interest in the compensation agreed to be paid, made in violation of the provisions of this paragraph, shall operate to terminate this Contract, and in such event no attorney having any interest in the Contract or in the fee provided for therein shall be entitled to any compensation whatever for any service rendered to the date of the termination of the Contract.

It is agreed that in the event of the death of either one or more of the

Parties of the Second Part the estate of the deceased attorney, or the estates of the deceased attorneys as the case may be, shall be allowed compensation in such sum as the Commissioner of Indian Affairs may find equitable to be due for the services theretofore rendered under the Contract, or as may be determined by a court or tribunal equitably to be due for the services theretofore rendered under this Contract.

It is agreed that the death of one of the Parties of the Second Part, leaving the others surviving, shall not terminate the Contract, but the death of all of the Parties of the Second Part shall terminate this Contract, unless they leave surviving associate counsel holding an interest in the Contract under an assignment duly approved by the Commissioner of Indian Affairs, in which event such associate counsel shall be entitled to proceed in all claims pending before the United States Court of Appeals for the Tenth Circuit, United States Supreme Court, or in any other court or tribunal, until their final determination under the terms and conditions of the Contract, and to prosecute such proceedings in compliance with the terms and provisions of this Contract.

This Contract may be terminated by the Commissioner of Indian Affairs with the consent of the Council of the Cherokee Nation of Oklahoma for cause deemed by the Commissioner of Indian Affairs to be reasonable and satisfactory upon sixty (60) days notice to the parties in interest, and if the Contract shall be so terminated, the Parties of the Second Part shall be credited with such interest should any sum or sums be recovered by a judgment of a court or tribunal as the court or tribunal may determine to be equitable in the fee found due upon the final determination of the said suit and the controverted matters therein included.

IN WITNESS WHEREOF, we have hereunto set our hands and seals this 6th day of September, 1988.



Principal Chief of the Cherokee Nation of Oklahoma

Party of the First Part

James G. Wilcoxen

Paul M. Niebell

Parties of the Second Part

Approved pursuant to authority delegated by the Commissioner of Indian Affairs in 10 BIAM 3.

1-23-89
Date

Area Director
Muskogee Area Office