ATTORNEYS' CONTRACT

THIS AGREEMENT (the "Contract") is made and entered into this 17th day of April, 1989, by and between The Cherokee Nation of Indians of the State of Oklahoma ("Cherokee Nation") and Patton, Boggs & Blow, Washington, D.C. (the "Attorneys").

WITNESSETH: That the Cherokee Nation or Tribe of Indians in Oklahoma, under authority of a Resolution of the Council of said Cherokee Nation, adopted at Tahlequah, Oklahoma on the 20th day of May, 1989, copies of which are hereto attached and made a part hereof, hereby contracts with, retains and employs Patton, Boggs & Blow as attorneys in matters hereinafter mentioned, subject to all required approvals. (All references hereinafter to "required approvals" shall be construed to include the Cherokee Nation Tribal Council and the Bureau of Indian Affairs, if required by regulation or statute.)

It shall be the duty of said Attorneys to advise and to represent the Cherokee Nation in connection with claims which said Cherokee Nation may have under any treaty, Act of Congress, other laws, or regulations for damages or equitable relief arising from the violation of the duties of the United States to protect the tribal lands and to manage the tribal resources of said Cherokee Nation. The terms and conditions of this Contract do not authorize said Attorneys to provide any representation in Cherokee Nation v. United States, Case No. 88-112, now pending before the United States Court of Appeals for the Tenth Circuit, nor does the representation authorized by this Contract in any way interfere with said pending litigation.

Said Attorneys shall advise and represent the Cherokee Nation in the aforementioned matters before the United States Claims Court, federal district courts, Courts of Appeal, and the Supreme Court, and before any other courts or tribunals, or any officers having any duty to perform in connection with the investigation, consideration or final settlement of such matters.

The said Attorneys will pursue as their top priority, either through the litigation processes or complementary legislative efforts, a resolution by way of settlement to recompense the Cherokee Nation for its long-outstanding entitlement since 1970 to the full benefits of its rights in its tribal lands held in trust by the United States, which rights to this date have not been honored in any respect.

Said Attorneys, in performing their duties under this Contract, are subject to the supervision and direction of the Cherokee Nation, and shall not make any compromise, settlement or other adjustment of the matters in controversy without advance approval of the Principal Chief of the Cherokee Nation.

It is agreed that said Attorneys shall prosecute actions for an injunction and/or damages, which are directly interrelated with pending legislative efforts, and shall be compensated an amount not to exceed $5,000 per month for fees for the period January 1989 through June 1990, and for actual out-of-pocket costs expended in direct prosecution of said litigation, including, but not limited to, deposition transcripts, travel and subsistence expenses.

It is agreed that said Attorneys may associate with them in the aforementioned matters other attorneys of their own choice and selection; provided, that said Cherokee Nation agrees in advance to pay the expense that said Attorneys incur by reason of the employment of any such associate attorneys.

The Cherokee Nation and the Attorneys acknowledge that said Attorneys will provide considerably more legal services and incur more in fees than the amount herein provided for monthly compensation. Accordingly, it is agreed that, upon agreed monetary or other quantifiable recovery for the Cherokee Nation, through the litigation or legislative process, said Attorneys shall receive from the Cherokee Nation additional compensation of ten percent (10%) of the amount recovered less the amounts previously paid by said Cherokee Nation for attorney fees pursuant to this Contract for litigation; provided, that approvals required by law, if any, are obtained.

This Contract shall be effective for eighteen (18) months (January 1, 1989 to July 1, 1990), and may be extended for periods of two (2) years, each from the date of its expiration, at the option and written request of the Attorneys, with all approvals required by law. It is expressly understood that said Attorneys shall have no contractual obligation to continue representation of the Cherokee Nation after expiration or termination of this Contract, and the Cherokee Nation shall cooperate in said Attorneys' actions to terminate such representation, including consent to withdrawal from pending court actions.

This Contract may be terminated by the Cherokee Nation with the consent of the Tribal Council of the Cherokee Nation for cause deemed by the Bureau of Indian Affairs to be reasonable and satisfactory upon sixty (60) days notice to the parties in interest. If the Contract is so terminated, and any monetary or other quantifiable sum is recovered by judgment or settlement of a suit or related controverted matters for which Patton, Boggs & Blow has represented the Cherokee Nation, said Attorneys shall receive an equitable portion of such recovery, pro rated consistent with the terms hereof regarding additional compensation.

IN WITNESS WHEREOF, we have hereunto set our hands and seals this 13th day of November, 1989.

Wilma P. Mankiller
Principal Chief on behalf of
Cherokee Nation of Indians
of the State of Oklahoma

Joe R. Reeder, on behalf of
PATTON, BOGGS & BLOW
Washington, D.C.

Approved pursuant to authority delegated by the Commissioner of Indian Affairs in 10 BIAM 3.

NOV 13 1989
Date

Merritt Youngdeer
Area Director
Muskogee Area Office