IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE CHEROKEE NATION OF OKLAHOMA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | * * * * * * * * * * * | Case No. 218-89 |
| * * * * * * | * | |
| PATTON BOGGS LLP<br><br>Intervenor Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | * * * * * * * * * * | Chief Judge Edward J. Damich |

* * * * * * * * * * * * * *

**PATTON BOGGS' JOINT REPLY IN SUPPORT OF ITS PROPOSED FINDINGS OF UNCONTROVERTED FACT.**

Pursuant to RCFC 56 and this Court's March 28, 2006 Order, Intervenor Plaintiff Patton Boggs LLP ("Patton Boggs") files this Joint Reply supporting its Proposed Findings of Uncontroverted Fact. As set forth below, in the attached table, all twenty-one of Patton Boggs' proposed findings of uncontroverted fact should be deemed admitted.

| Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | Cherokee Nation's Response To Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | USA's Statement Of Genuine Issues Of Material Facts In Dispute |
|---|---|---|
| **PB Proposed Finding 1:**<br><br>Patton Boggs entered into an attorney fee contract with the Cherokee Nation with respect to this litigation. Ex. 2 at A-39 (the "Contract"). | **Cherokee Nation Response 1:**<br><br>The proposed finding is disputed to the extent that it omits material facts that are relevant to the disposition of Patton Boggs' Motion for Summary Judgment. The proposed finding fails to state, inter alia, that Patton Boggs' contract was made with the Cherokee Nation on April 17, 1989 and was terminated in 1995. See Patton Boggs Complaint in Intervention at ¶ 15; see also CN Ex. 10.[1]<br><br>[1] "CN Ex.___ " refers to the exhibits that the Cherokee Nation submits with the Nation's Opposition to Patton Boggs' Cross-Motion for Summary Judgment. | **USA Response 1:**<br><br>None. |

**PB Reply:**

The Cherokee Nation's contention that Proposed Finding 1 "omits material facts," does not dispute the facts set forth in Finding 1. *See* RCFC 56(h)(2) (distinguishing between disagreement with a finding and proposing additional findings of fact). Patton Boggs does not dispute the Cherokee Nation's additional proposed fact that Patton Boggs' Contract was terminated in 1995, although the Cherokee Nation's additional proposed findings does not belong in its response to Patton Boggs' proposed findings of uncontroverted fact. *Id.* The Government does not address Proposed Finding 1 at all. Proposed Finding 1 should deemed admitted.

| Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | Cherokee Nation's Response To Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | USA's Statement Of Genuine Issues Of Material Facts In Dispute |
|---|---|---|
| **PB Proposed Finding 2:**<br><br>The Contract provided for, inter alia, monthly compensation and "compensation of ten percent (10%) of the amount recovered less the amounts previously paid by said Cherokee Nation for attorney fees pursuant to this Contract for litigation; provided, that approvals required by law, if any, are obtained." Id. at 2, 3. | **Cherokee Nation Response 2:**<br><br>The proposed finding is disputed to the extent that it omits material facts that are relevant to the disposition of Patton Boggs' Motion for Summary Judgment, namely the proposed finding fails to state that Patton Boggs' contract was terminated on October 30, 1995. See Patton Boggs Complaint in Intervention at ¶ 15; see also CN Ex 10. | **USA Response 2:**<br><br>None. |

**PB Reply:**

The Cherokee Nation's contention that Proposed Finding 2 "omits material facts," does not dispute the facts set forth in Finding 2. *See* RCFC 56(h)(2) (distinguishing between disagreement with a finding and proposing additional findings of fact). Patton Boggs does not dispute the Cherokee Nation's additional proposed fact that Patton Boggs' Contract was terminated in 1995, although the Cherokee Nation's additional proposed findings does not belong in its response to Patton Boggs' proposed findings of uncontroverted fact. *Id.* The Government does not address Proposed Finding 2 at all. Proposed Finding 2 should deemed admitted.

| Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | Cherokee Nation's Response To Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | USA's Statement Of Genuine Issues Of Material Facts In Dispute |
|---|---|---|
| **PB Proposed Finding 3:**<br><br>Patton Boggs was paid a total of $403,959 in monthly payments under the Contract. Ex. 4 at A-47 (October 6, 2003 letter from the Cherokee Nation's General Counsel, Julian Fite). | **Cherokee Nation Response 3:**<br><br>The proposed finding is disputed as Patton Boggs was paid some amount in excess of $403,959 for services provided under the Arkansas Riverbed attorneys contract. The Cherokee Nation in fact paid Patton Boggs a total sum of $1,053,908.48 for services provided under this and a separate lobbying contract between the Cherokee Nation and Patton Boggs. While some services provided under the separate lobbying contract were unrelated to the Arkansas Riverbed, others were related to the Riverbed Claim and some portion of the fees paid under the separate lobbying contract might properly be attributable to services provided under the Arkansas Riverbed contract under which Patton Boggs makes its claim here. See PB Ex. 4 at A-47 (October 6, 2003 letter from the Cherokee Nation's General Counsel, Julian Fite); see also CN Ex. 9 (Letter agreement dated September 18, 1991, between Patton Boggs and the Cherokee Nation regarding payment for other services); CN Ex. 15 (Cherokee Nation spreadsheet of fees paid to Patton Boggs); CN Ex. 22 at 5 (letter from outside legal counsel to the Nation). | **USA Response 3:**<br><br>Prior to the enactment of the Settlement Act, was Patton Boggs paid more than the $403,959 it states it was paid under its 1989 contract? The 2003 Fite Memorandum suggests that PB was paid more than $403,959 which means that its present claim amount is inflated because it does not take into account any payment in excess of $403,959. **See PB's Proposed Findings of Uncontroverted Fact No. 3** stating that PB was paid $403,959 under its contract. |

**PB Reply:**

The Cherokee Nation's mere speculation that "some portion of the fees paid under the separate lobbying contract ***might*** be attributable to services paid under the Arkansas Riverbed contract under which Patton Boggs makes its claim here" is insufficient to create a genuine dispute. Patton Boggs' Exhibit 4 – upon which it bases its Proposed Finding 3 – is a letter from the Cherokee Nation's own general counsel who stated "Under this contract, Patton Boggs was paid $403,959…." That exhibit goes on to mention a wholly separate contract between the Cherokee Nation and Patton Boggs, not at issue in this case. The Cherokee Nation attaches that separate lobbying contract as CN Exhibit 9. The spreadsheet provided at CN Exhibit 15 does not in any way support the mere speculation that Patton Boggs was paid fees under its lobbying contract for its litigation services. CN Exhibit 22 is indeed a letter from outside counsel to the Cherokee Nation, and, in it, he also queries whether Patton Boggs was paid under the lobbying contract for litigation services. But the Cherokee Nation proffers no evidence to rebut Proposed Finding 3, and there is none. Similarly, the Government asks a hypothetical question. Neither the Cherokee Nation nor the Government complied with RCFC 56(h)(2), and Proposed Finding 3 should be deemed admitted.

| Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | Cherokee Nation's Response To Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | USA's Statement Of Genuine Issues Of Material Facts In Dispute |
|---|---|---|
| **PB Proposed Finding 4:**<br><br>The Settlement Act provided for $20 million in appropriations for the Cherokee Nation and its attorneys, making $2 million available to pay the Cherokee Nation's attorneys. Docket No. 125, December 19, 2005 Opinion & Order at 3 ("Since the Cherokee Nation will receive a total of $20 million in appropriations under the Settlement Act, $2 million is available for payment of attorney's fees."). | **Cherokee Nation Response 4:**<br><br>The proposed finding is disputed as it mischaracterizes the terms of the Settlement Act. The Settlement Act provided for $20 million in appropriations for the Cherokee Nation, and authorized the use of "not to exceed 10% of that Indian Nation's allocation of funds" to pay attorneys fees. 25 U.S.C. § 1779e(b) (emphasis added.) Thus, the Act imposed a ceiling-not a floor-on the amount of attorneys' fees that could be paid. | **USA Response 4:**<br><br>None. |

**PB Reply:**

Whether characterized as a "ceiling" or a "floor," the Settlement Act made $2 million "available" to pay attorneys fees as Patton Boggs proposed. The Cherokee Nation's arguments do not comply with RCFC 56(h)(2). The Government neither agrees nor disagrees with the Proposed Finding 4. Proposed Finding 4 should be deemed admitted.