| Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | Cherokee Nation's Response To Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | USA's Statement Of Genuine Issues Of Material Facts In Dispute |
|---|---|---|
| **PB Proposed Finding 5:**<br><br>To date, Congress has appropriated three of the four annual installments authorized by the Settlement Act, rendering a total of $14,485,018.00 to be allocated to the Cherokee Nation and its attorneys, through FY 2006. Docket No. 137, Joint Status Report; Attachment to Docket No. 138, Declaration of Douglas A. Lords ("Lords Decl."). | **Cherokee Nation Response 5:**<br><br>The proposed finding is disputed in part. The $14,485,018.00 in funds appropriated to date belong to the Cherokee Nation -- not its attorneys. | **USA Response 5:**<br><br>None. |

**PB Reply:**

It is undisputed that there are $14,485,018 in funds appropriated through FY 2006. Of course, the legal issue of ownership to the funds is a central issue in the case. No one disputes the facts in Proposed Finding 5 and they should be deemed admitted.

| Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | Cherokee Nation's Response To Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | USA's Statement Of Genuine Issues Of Material Facts In Dispute |
|---|---|---|
| **PB Proposed Finding 6:**<br><br>Of the sums already appropriated, $1,448,501.80 has been allocated to the attorney escrow fund. Docket No. 137, Joint Status Report; Lords Decl. ¶ 7. | **Cherokee Nation Response 6:**<br><br>Not disputed. | **USA Response 6:**<br><br>None. |

**PB Reply:**

The Cherokee Nation does not dispute Proposed Finding 6, and the Government does not respond to it at all. Proposed Finding 6 should be deemed admitted.

| Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | Cherokee Nation's Response To Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | USA's Statement Of Genuine Issues Of Material Facts In Dispute |
|---|---|---|
| **PB Proposed Finding 7:**<br><br>The Settlement Act provides for an additional $5,000,000.00 to be appropriated in FY 2007 for the Cherokee Nation and its attorneys. 25 U.S.C. §§ 1779c(c)(4),(d)(1). Of that amount, the Settlement Act makes up to $500,000.00 available to pay to the Cherokee Nation's attorneys their statutory attorneys' fees. Id. § 1779e(b). | **Cherokee Nation Response 7:**<br><br>The proposed finding is disputed in part. The additional $5,000,000.00 to be appropriated under the Settlement Act in FY 2007 belongs to the Cherokee Nation - not its attorneys. Moreover, the Act does not provide any specific amount of "statutory attorneys' fees." | **USA Response 7:**<br><br>None. |

**PB Reply:**

There is no dispute that an additional $5,000,000 will be appropriated in FY2007. As with Proposed Finding 5, the Cherokee Nation is disputing a legal issue regarding ownership of the appropriated funds, not a factual issue as to the amount of funds appropriated. The Government makes no response at all. The facts in Proposed Finding 7 should be deemed admitted.

| Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | Cherokee Nation's Response To Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | USA's Statement Of Genuine Issues Of Material Facts In Dispute |
|---|---|---|
| **PB Proposed Finding 8:**<br><br>On February 18, 2005, the Cherokee Nation provided to the Secretary its own Resolutions that purportedly "authorized and approved" certain payments to its lawyers other than Patton Boggs, as follows:<br><br>Wilcoxen & Wilcoxen $550,000.00<br>Estate of Mr. Niebell $100,000.00<br>Hall Estill $280,524.57<br><br>Ex. 6 at A-53 to A-54. | **Cherokee Nation Response 8:**<br><br>The proposed finding is disputed to the extent that it characterizes the Cherokee Nation's Resolutions as "purportedly" authorizing and approving payments to attorneys. The Resolutions speak for themselves and properly authorize and approve payments to the attorneys, consistent with the 2002 Settlement Act, 25 U.S.C.§ 1779e(a), and Cherokee Nation law, see CN Ex. 21, as well as the requirements of the terminated contract under which Patton Boggs makes its claim. That contract makes the payment of any fee to Patton Boggs subject to the approvals required by applicable law, including tribal law, and tribal law requires any attorney fee payments to be approved by the Cherokee Nation Council. See PB Ex. 2 at 3. | **USA Response 8:**<br><br>None. |

**PB Reply:**

The word "purport" means to "profess or claim." That the Cherokee Nation still insists, as a legal matter, that that it was permitted to "authorize[]" and "approve[]" the payments made to attorneys, demonstrates that the Cherokee Nations purported to authorize the payments. Again, the Cherokee Nation is disputing facts only to the extend that the facts imply that the Cherokee Nation is incorrect in its legal arguments. Such disputes do not comply with RCFC 56(h)(2). The Government does not address Proposed Finding 8. Proposed Finding 8 should be deemed admitted.

| Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | Cherokee Nation's Response To Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | USA's Statement Of Genuine Issues Of Material Facts In Dispute |
|---|---|---|
| **PB Proposed Finding 9:**<br><br>None of those attorneys listed above in paragraph 8 dispute the amounts they were paid. Ex. 5 at A-51 (March 31, 2005 letter from Mr. Wilcoxen, and the Hall Estill firm, to the Cherokee Nation, stating "having accepted the Nation's fee determination, we have no dispute with the Nation .... "). Nor do they seek additional payment under the Settlement Act. Id. | **Cherokee Nation Response 9:**<br><br>Neibell and Hall Estill did dispute the initial recommendations regarding the amount of fees to be paid to each of them, see CN Exs. 17, 19, but have subsequently indicated their acceptance of the Nation's decision. Payments to the attorneys have been made pursuant to the Settlement Act. | **USA Response 9:**<br><br>None. |

**PB Reply:**

The Cherokee Nation's response is non-responsive and the Government makes no response at all. Whether or not "Niebell and Hall Estill did dispute the initial recommendations," is irrelevant to whether they now dispute those payments. Moreover, the legal conclusion that "Payments to the attorneys have been made pursuant to the Settlement Act" is irrelevant. Proposing Finding 9 should be deemed admitted.