| Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | Cherokee Nation's Response To Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | USA's Statement Of Genuine Issues Of Material Facts In Dispute |
|---|---|---|
| **PB Proposed Finding 10:**<br><br>On March 30, 2005, the Cherokee Nation provided the Secretary with a Resolution "approving" payment of $151,000 to Patton Boggs, Ex. 6 at A-53-A-54 (October 13, 2005 letter from Assistant Secretary James Cason). | **Cherokee Nation Response 10**:<br><br>Not disputed, except that the term approving should not be in quotes. | **USA Response 10:**<br><br>None. |

**PB Reply:**

Whether the Cherokee Nation actually had authority to approve payment to Patton Boggs is obviously an issue of law. Proposed Finding 10 should be deemed admitted.

| Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | Cherokee Nation's Response To Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | USA's Statement Of Genuine Issues Of Material Facts In Dispute |
|---|---|---|
| **PB Proposed Finding 11:**<br><br>On October 13, 2005, the Secretary decided to disburse a total of $1,081,524.57 from the attorney escrow account, exactly as directed to do by the Cherokee Nation. Exhibit 6 at A-54 (Mr. Cason's October 13, 2005 letter). | **Cherokee Nation Response 11:**<br><br>Disputed to the extent that the proposed finding fails to fully describe the basis for the Secretary's October 13, 2005 decision, which included a determination that the Settlement Act required payment of the attorneys fees in amounts as approved by the settling Nations. PB Ex. 6 at A-54 (Mr. Cason's October 13, 2005 letter). | **USA Response 11:**<br><br>None. |

**PB Reply:**

Even assuming that Proposed Finding 11 "fails to fully describe the basis for the Secretary's October 13, 2005" – which it does not purport to do – those additional facts do not dispute the facts in Proposed Finding 11. *See* RCFC 56(h)(2) (distinguishing between disagreement with a finding and proposing additional findings of fact). Proposed Finding 11 should be deemed admitted.

| Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | Cherokee Nation's Response To Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | USA's Statement Of Genuine Issues Of Material Facts In Dispute |
|---|---|---|
| **PB Proposed Finding 12:**<br><br>On October 17 and 18, 2005, the Secretary made those disbursements from the attorney escrow account. Docket No. 137, Joint Status Report; Lords Decl. at ¶¶ 8-9. | **Cherokee Nation Response 12:**<br><br>Not disputed. | **USA Response 12:**<br><br>None. |

**PB Reply:**

Proposed Finding 12 is undisputed.

| Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | Cherokee Nation's Response To Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | USA's Statement Of Genuine Issues Of Material Facts In Dispute |
|---|---|---|
| **PB Proposed Finding 13**:<br><br>No further disbursements have been made from the attorney escrow account, and its current balance was $366,977.23 immediately after disbursement of attorneys' fees. Id. | **Cherokee Nation Response 13:**<br><br>Not disputed. | **USA Response 13:**<br><br>None. |

**PB Reply:**

Proposed Finding 13 is undisputed.

| Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | Cherokee Nation's Response To Patton Boggs' Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Summary Judgment For $1,247,501.80 | USA's Statement Of Genuine Issues Of Material Facts In Dispute |
|---|---|---|
| **PB Proposed Finding 14:**<br><br>The Cherokee Nation did not enter into an attorney fee contract with the Hall Estill law firm relating to any aspect of the Settlement Act. Ex 4 at A-44 (Mr. Fite's letter explains that "Wilcoxen associated the Hall, Estill law firm and they have presented billings."). | **Cherokee Nation Response 14:**<br><br>Disputed to the extent that the proposed finding omits material relevant facts, namely that while the Cherokee Nation did not enter into an attorney contract directly with the Hall Estill law firm, the Hall Estill firm provided services to the Cherokee Nation as associate counsel under the contract between the Cherokee Nation and Mssrs. Wilcoxen and Niebell, which contract expressly authorized the use of associate counsel. PB Ex 4 at A-44; see also PB Ex. 1 at 2. | **USA Response 14:**<br><br>Did the law firm of Hall Estill have a contractual relationship with the CNO when it performed the legal services for which it was paid $280, 524.57 out of the attorneys' fees escrow account? See PB's Proposed Findings of Uncontroverted **Fact Nos. 14 through 17** alleging the absence of a tribal attorney fees contract between Hall Estill and the CNO. The 2003 memorandum written by the General Counsel for the CNO, Julian Fite, states that Hall Estill was "operating under Wilcoxen's contract." See Attachment to Defendant's Reply to Patton Boggs' Opposition to Defendant's Motion to Dismiss at 4. |

**PB Reply:**

The Cherokee Nation and the Government attempt to dispute the fact that Hall Estill had no contract with the Cherokee Nation on the basis that Hall Estill was "associated" by Mr. Wilcoxen. But that is set forth precisely in the citation ***supporting*** Patton Boggs' Proposed Finding 14. It is undisputed and undisputable that having a contract with an Indian Nation is not the same thing as being associate counsel, hired by a counsel to an Indian Nation. Patton Boggs agrees that Hall Estill was associate counsel, which proves that Hall Estill did ***not*** have a contract with the Cherokee Nation. The Government merely poses a hypothetical question that neither agrees, nor disagrees with the undisputed facts. Proposed Finding 14 should be deemed admitted.